# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CLEOPHUS AMERSON
        Petitioner,

v.                                                                    Case No. 05-C-0271

CATHERINE J. FARREY
        Respondent.

## ORDER REGARDING CERTIFICATE OF APPEALABILITY

On July 5, 2006, habeas petitioner Cleophus Amerson filed a notice of appeal of my dismissal of his case and a request for a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

None of the issues raised by petitioner deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason. In his petition, petitioner argued that his counsel was ineffective because he failed to investigate a previous sexual assault of the victim and failed to present testimony from petitioner's nephew, Robert Amerson. As I explained in my decision, counsel's failure to investigate the assault and his failure to produce Robert Amerson as a witness did not cause prejudice to petitioner and thus his claim of ineffective assistance could not succeed. Petitioner also argued that the refusal of the state courts to grant him a new trial based on newly discovered evidence denied him due process. In my decision, I explained that "a refusal to grant a new trial on the basis of newly discovered evidence is not actionable in habeas corpus." <u>Guinan v. United States</u>, 6 F.3d 468, 470 (7th Cir. 1993), <u>overruled in part on other grounds by</u> <u>Massaro v. United States</u>, 538 U.S. 500 (2003). Because petitioner claimed only that the new evidence cast doubt on the victim's credibility, he was not entitled to federal habeas relief. I do not believe jurists of reason would differ as to any of the issues he presented in this case and I do not believe these issues should proceed further. Accordingly, for the same reasons as set forth in my June 29, 2006 Order and for the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right.

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability (R. 24) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2006.

                                        s/Lynn Adelman
                                        LYNN ADELMAN
                                        U.S. District Judge